IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CRIMINAL NO. 91-30105-WDS |
| ) | |
| DARREN THOMAS, ) | |
| ) | |
| Defendant. ) | |

**O R D E R**

**STIEHL, District Judge:**

This matter is before the Court on petitioner's pro se motion for reconsideration (Doc. 67). The petitioner seeks reconsideration of the Court's Order of January 6, 2006 which denied his motion for a writ of error coram nobis (Doc. 63). The Court denied the motion on the grounds that he should have filed a habeas petition under 28 U.S.C. § 2255 (See Doc. # 66).

In his motion to reconsider, the petitioner asserts that he is no longer in custody and that his supervised release term has also expired. Although the petitioner is no longer in custody on the sentence imposed in this Court, a review of the Bureau of Prisons records reveals that the petitioner is in custody on a sentence from another district and has a projected release date of May 6, 2033.

Because he is still in custody, petitioner *must* seek relief under the habeas statute, and is not entitled to consideration of a writ of error coram nobis. Accordingly, his motion to reconsider is **DENIED**.

Also before the Court is petitioner's motion for leave to proceed in forma pauperis (Doc. 71). In light of the Court's ruling that the writ of error coram nobis is not available to the petitioner and that petitioner would only have relief under 28 U.S.C. §2255, the Court now construes this in forma pauperis motion to include a motion for issuance of a certificate of appealability.

Upon review of the record, the Court **FINDS** defendant's pauper status to be persuasive and **GRANTS** him leave to proceed on appeal in forma pauperis. However, the Court **DENIES** his motion for issuance of a certificate of appealability under 28 U.S.C. § 2253. Section 2253(c)(2) provides that a certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." Further, § 2253(c)(3) provides: "The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2)." After careful review of the record the Court remains persuaded that there are no valid grounds for appeal of this matter, and accordingly **DENIES** the motion for issuance of a certificate of appealability.

**IT IS SO ORDERED.**

**DATED: May 1, 2006**

                                                s/ **WILLIAM D. STIEHL**
                                                    **DISTRICT JUDGE**